FILED

2012 Nov-15  AM 11:50
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHWESTERN DIVISION

| | | |
|---|---|---|
| **EDWARD DWAYNE COKER,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| **vs.** | ) | Civil Action Number |
| | ) | **3:11-cv-3749-AKK** |
| **MICHAEL J. ASTRUE,** | ) | |
| **COMMISSIONER OF SOCIAL** | ) | |
| **SECURITY** | ) | |
| **ADMINISTRATION,** | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Plaintiff Edward Dwayne Coker ("Coker") brings this action pursuant to

Section 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking

review of the final adverse decision of the Commissioner of the Social Security

Administration ("SSA").  This court finds that the Administrative Law Judge's

("ALJ") decision - which has become the decision of the Commissioner - is

supported by substantial evidence and, therefore, **AFFIRMS** the decision denying

benefits to Plaintiff.

### I. Procedural History

Coker protectively filed an application for Disability Insurance Benefits and

Supplemental Security Income benefits on June 27, 2008, alleging a disability onset date of July 2, 2007 due to asthmatic bronchitis, kidney stones, back pain secondary to degenerative changes at L5-S1, osteoarthritis of the left knee, gallstones, history of and/or current aortic aneurysm, degenerative disc disease, hypertension, insomnia, and borderline diabetes.  (R. 70, 92).  After the SSA denied Coker's applications, Coker requested a hearing before an ALJ.  (R.74, 24).  The ALJ subsequently denied Coker's claims (R. 8-23), which became the final decision of the Commissioner when the Appeals Council refused to grant review, (R. 1-6).  Coker then filed this action for judicial review pursuant to § 205(g) and § 1631(c)(3) of the Act, 42 U.S.C. § 405(g) and § 1383(c)(3).  Doc. 1.

## II.  Standard of Review

The only issues before this court are whether the record contains substantial evidence to sustain the ALJ's decision, *see* 42 U.S.C. § 405(g); *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982), and whether the ALJ applied the correct legal standards, *see Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).  Title 42 U.S.C. §§ 405(g) and 1383(c) mandate that the Commissioner's "factual findings are conclusive if supported by 'substantial evidence.'"  *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990).  The district court may not reconsider the facts, reevaluate the

evidence, or substitute its judgment for that of the Commissioner; instead, it must review the final decision as a whole and determine if the decision is "reasonable and supported by substantial evidence." *See id.* (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

Substantial evidence falls somewhere between a scintilla and a preponderance of evidence; "[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Martin*, 849 F.2d at 1529 (quoting *Bloodsworth*, 703 F.2d at 1239) (other citations omitted). If supported by substantial evidence, the court must affirm the Commissioner's factual findings even if the preponderance of the evidence is against the Commissioner's findings. *See Martin*, 894 F.2d at 1529. While the court acknowledges that judicial review of the ALJ's findings is limited in scope, it notes that the review "does not yield automatic affirmance." *Lamb*, 847 F.2d at 701.

### III.  Statutory and Regulatory Framework

To qualify for disability benefits, a claimant must show "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairments which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(I). A physical or mental

impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Determination of disability under the Act requires a five step analysis. 20 C.F.R. § 404.1520(a)-(f). Specifically, the Commissioner must determine in sequence:

(1)     whether the claimant is currently unemployed;

(2)     whether the claimant has a severe impairment;

(3)     whether the impairment meets or equals one listed by the Secretary;

(4)     whether the claimant is unable to perform his or her past work; and

(5)     whether the claimant is unable to perform any work in the national economy.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of 'not disabled.'" *Id*. at 1030 (citing 20 C.F.R. § 416.920(a)-(f)). "Once a finding is made that a claimant cannot return to prior work the burden shifts to the Secretary to show other work the claimant can do." *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citation omitted).

Lastly, where, as here, a plaintiff alleges disability because of pain, she must meet additional criteria.  In this circuit, "a three part 'pain standard' [is applied] when a claimant seeks to establish disability through his or her own testimony of pain or other subjective symptoms." *Holt v. Barnhart*, 921 F.2d 1221, 1223 (11th Cir. 1991).  Specifically,

> The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.[1]

*Id*.  However, medical evidence of pain itself, or of its intensity, is not required:

> While both the regulations and the *Hand* standard require objective medical evidence of a condition that could reasonably be expected to cause the pain alleged, neither requires objective proof of the pain itself.  Thus under both the regulations and the first (objectively identifiable condition) and third (reasonably expected to cause pain alleged) parts of the *Hand* standard a claimant who can show that his condition could reasonably be expected to give rise to the pain he alleges has established a claim of disability and is not required to produce additional, objective proof of the pain itself.  *See* 20 CFR §§ 404.1529 and 416.929; *Hale* [v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)].

*Elam v. R.R. Ret. Bd.*, 921 F.2d 1210, 1215 (11th Cir. 1991) (parenthetical information omitted) (emphasis added).  Moreover, "[a] claimant's subjective testimony supported by medical evidence that satisfies the pain standard is itself

---

[1] This standard is referred to as the *Hand* standard, named after *Hand v. Heckler*, 761 F.2d 1545, 1548 (11th Cir. 1985).

sufficient to support a finding of disability." *Holt*, 921 F.2d at 1223. Therefore, if a claimant testifies to disabling pain and satisfies the three part pain standard, the ALJ must find a disability unless the ALJ properly discredits the claimant's testimony.

Furthermore, when the ALJ fails to credit a claimant's pain testimony, the ALJ must articulate reasons for that decision:

> It is established in this circuit that if the [ALJ] fails to articulate reasons for refusing to credit a claimant's subjective pain testimony, then the [ALJ], as a matter of law, has accepted that testimony as true. Implicit in this rule is the requirement that such articulation of reasons by the [ALJ] be supported by substantial evidence.

*Hale*, 831 F.2d at 1012. Therefore, if the ALJ either fails to articulate reasons for refusing to credit the plaintiff's pain testimony, or if the ALJ's reasons are not supported by substantial evidence, the court must accept as true the pain testimony of the plaintiff and render a finding of disability. *Id*.

## IV.  The ALJ's Decision

Turning now to the ALJ's decision, the court notes initially that the ALJ properly applied the five step analysis. The ALJ first determined that Coker has not engaged in substantial gainful activity since July 2, 2007, and therefore met Step One of the five step analysis. (R. 13). The ALJ also acknowledged that Coker's severe impairments of "asthmatic bronchitis, kidney stones, back pain secondary to degenerative changes at L5-S1 and osteoarthritis of the left knee"

met Step Two.  *Id*.  The ALJ proceeded to the next step and, after considering

Coker's severe and non-severe impairments in combination, found that Coker

failed to meet or equal one of the listed impairments in 20 C.F.R. Pt. 404, Subpt.

P, Appendix 1 and thus did not satisfy Step Three.  *Id*. at 15.  Although he

answered Step Three in the negative, consistent with the law, *see McDaniel*, 800

F.2d at 1030, the ALJ proceeded to Step Four where he determined that Coker has

the residual functional capacity ("RFC") to

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b)
> with an option to sit or stand for one or two minutes every hour or so.
> He can perform occasional walking and standing during a total of four
> hours out of an eight hour work day.  With performing occasional
> postural movements such as climbing, stooping, balancing, kneeling,
> crouching, crawling, etc.  He must avoid jobs which include exposure
> to concentrated or even moderate exposure to fumes, odors, dusts or
> gases.

*Id*. at 16.  The ALJ, therefore, determined that Coker is unable to perform any past

relevant work.  As a result, the ALJ proceeded to Step Five where he considered

Coker's age, education, work experience, and RFC and determined that "there are

jobs that exist in significant numbers in the national economy that [Coker] can

perform."  *Id*. at 18.  Consequently, the ALJ found that Coker is not disabled.  *Id.*;

*see also McDaniel*, 800 F.2d at 1030.  With respect to the pain standard, the ALJ

found that Coker's "medically determinable impairments could reasonably be

expected to cause the alleged symptoms." *Id*. at 16.  However, the ALJ

determined that Coker's "statements concerning the intensity, persistence and

limiting effects of these symptoms. . . are not credible to the extent they are

inconsistent with the above residual functional capacity assessment which is based

upon the entire longitudinal medical record." *Id*.

## V.  Analysis

Coker disagrees with the ALJ's decision and requests that this court enter

"judgment for such relief as may be proper."  Doc. 1 at 2.  In light of Coker's

contention, the court must review the ALJ's decision for error.  Unfortunately for

Coker, as shown below, substantial evidence supports the ALJ's decision.

### A.    Severe vs Non-Severe Impairments

The court begins its review with Coker's impairments. Again, Coker alleges

disability because of gallstones, kidney stones, asthmatic bronchitis, back pain

secondary to degenerative changes at L5-S1, degenerative disc disease, aortic

aneurysm, insomnia, osteoarthritis of the left knee, hypertension, and borderline

diabetes. The ALJ, however, determined that only the asthmatic bronchitis, kidney

stones, back pain secondary to degenerative changes at L5-S1 and osteoarthritis of

the left knee are "severe" under 20 C.F.R. §§ 404.1520(c) and 416.920(c).  The

ALJ found the rest of Coker's impairments non-severe because none of them

"significantly affect Coker's ability to perform work related activity." (R. 13). Presumably, it is this finding that Coker challenges.[2]

The court finds no error in the ALJ's findings. In reaching this conclusion, the court notes that Coker failed to present sufficient evidence to the ALJ to support his claim. For example, the only information in the record regarding the alleged insomnia states that the sleep medication Dr. Lorena Yielding provided "worked fine." *Id*. at 272. Likewise, the limited information in the record about Coker's hypertension and borderline diabetes includes progress notes from Dr. Yielding demonstrating that Coker's impairments are easily controlled by proper diet and medication. *Id*. Indeed, during his disability evaluation exam, Coker informed Dr. Patricia Auxier that "his diabetes has been fairly well controlled and that it has not been a real problem for him." *Id*. at 660. Thus, the ALJ's finding that the insomnia and borderline diabetes pose no work related limitations on Coker is supported by substantial evidence.

The medical record also does not support Coker's contention that his degenerative disc disease rose to the level of a severe impairment. To the contrary, Coker indicated on several occasions that his back pain was related to an

---

[2] The court is left to speculate what Coker contends is the ALJ's actual error because Coker's counsel never filed a brief in support of Coker's claims.

acute condition easily treated with medication, i.e. a pulled muscle, a fall, or pain from a car falling on him, rather than disc disease.  *See id.* at 265, 480,489, 533. In fact, the medical record indicates that numerous tests showed that Coker's "spine appeared normal," *id*. at 532, and that Coker's treating physicians diagnosed him with "mild arthritic changes at L4-5" with "no evidence of disc space narrowing, osteophyte formation, fracture, or destructive process."  *Id*. at 299, 359.  In other words, there is no evidence in the record to support a finding that Coker's alleged degenerative disc disease is a severe impairment.

The record also does not support a finding that Coker's alleged gallstones constitute a severe impairment.  In fact, Coker was last diagnosed with gallstones well before his alleged onset date on July 2, 2007.[3]  *Id*. at 215.  Moreover, Dr. Robert Bailey successfully removed Coker's gallbladder in July of 2007.  *Id*.  In other words, the gallstones could not constitute a *current* impairment to support Coker's disability claim.

Finally, in 2007, doctors at The Lung Center, P.C. consulted with Coker about a possible ascending aorta aneurysm but only recommended a beta blocker as treatment.  *Id*. at 198.  Subsequently, in 2009, doctors at Hellen Keller Hospital

---

[3] Coker did present to Dr. T. A. Pritchard and emergency departments at Shoals Hospital and Eliza Coffee Memorial Hospital ("ECM") several times complaining of flank pain related to kidney stones.  The ALJ found the kidney stones to constitute a severe impairment.

and ECM separately performed tests on Coker and found no aortic aneurysm. *Id*. at 613, 651. Thereafter, Coker followed up about his alleged aneurysm on two separate occasions at The Heart Center. *Id*. at 642, 727. Each time, the tests failed to show an aneurysm and instead showed that his "aortic valve is normal in structure and function . . . there is no evidence of aortic insufficiency." *Id*. The final evidence regarding the alleged aneurysm occurred when Coker visited Hellen Keller hospital again in August of 2010. Source imaging from that visit "show[ed] aneursymal dilation of the ascending thoracic aorta" but with "no significant coronary artery stenosis" requiring immediate treatment. *Id*. at 695. As is evident, the record suggests no evidence of an aneurysm and that, if Coker has one, it is not severe enough to limit Coker's daily activities or ability to work.

In short, the ALJ's decision that Coker's gallstones, aortic aneurysm, degenerative disc disease, hypertension, insomnia and borderline diabetes impairments are not severe is supported by substantial evidence. Alternatively, the ALJ did not err because he properly considered both the non-severe and severe impairments in determining Coker's disability under any applicable listing. *See Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987).

**B.     Residual Functional Capacity to Perform Light Work**

At the final step in the analysis, the ALJ properly applied a two-step process

to determine (1) that Coker has some impairments that could reasonably be expected to produce the alleged pain or other symptoms, but (2) that Coker was not as limited as he asserted.  (R.16).  The ALJ's RFC accounted for the need to avoid exposure to environmental irritants like fumes or dusts because of Coker's asthma and the need for periodic breaks because of Coker's mild back and flank pain. *Id*.  However, the ALJ discredited Coker's assertions regarding the severity of his impairments because they were inconsistent with the objective medical evidence.  As the ALJ noted, Coker visited three area hospitals several times for x-rays and CT scans to check for an aneurysm, and the tests showed no abnormalities.  *See id.* at 642, 651.  These hospitals also ran tests which showed no abnormalities with Coker's knee or breathing and found no need for continued treatment for these alleged impairments.  *See id.* at 416.  Moreover, while Coker suffers from kidney stones, his treating physicians described the condition as non-obstructing and found no evidence that the stones caused the alleged pain. *See id.* at 631, 411, 657.  Furthermore, although Coker asserted that he was unable to work because of back pain, repeated testing showed that his gait and range of motion were unaffected by back pain and that there was no spine abnormality to account for the alleged pain.  *See id.* at 265, 480, 489, 533.

Finally, the ALJ also properly weighed the medical evidence under 20

C.F.R. § 404.1527.  The ALJ assigned great weight to the evidence supplied by Coker's treating physicians under § 404.1527(c) since they were "well-supported by medically acceptable clinical and laboratory diagnostic techniques and [] not inconsistent with the other substantial evidence in [the] case record."  *Id*.  The ALJ also properly applied some weight to the consultative examination performed Dr. M. Clarke Woodfin and the opinion of the state agency consultant, which were consistent with the other medical evidence.  In sum, the ALJ properly considered all the medical evidence contained in the record.  The evidence, however, suggests that Coker is only slightly limited and able to perform light work.

## VI.  CONCLUSION

Based on the foregoing, the court concludes that the ALJ's determination that Coker is not disabled is supported by substantial evidence, and that the ALJ applied proper legal standards in reaching this determination.  Therefore, the Commissioner's final decision is **AFFIRMED**.

**DONE** the 15th day of November, 2012.

**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE